## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLAUDE V. OFFRAY, IV,<br>CLAUDE V. OFFRAY, III,<br>SHARON OFFRAY, and<br>PATRIZIA OFFRAY,<br><br>Plaintiffs,<br><br>v.<br><br>HARKAVY, GOLDMAN,<br>GOLDMAN, & GERSTEIN, P.A.,<br>MARTIN S. GOLDMAN, and<br>BRIAN M. GERNSTEIN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO.** 19-CV-03739<br><br>**COMPLAINT** |

_____

Plaintiffs Claude V. Offray, III, Claude V. Offray, IV, Sharon Offray, and Patrizia Offray

through this Complaint against Defendants state:

### Jurisdiction and Venue

1.      Jurisdiction is based on the diverse citizenship of the parties in accordance with 28 U.S.C.

§ 1332(a).

2.      Plaintiff Claude V. Offray, III is a resident of New York. Plaintiffs Claude V. Offray, IV,

Sharon Offray and Patrizia Offray are residents of Washington, D.C. The Defendants are

residents of New Jersey.

3.      The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

4.      Venue is properly laid in the District Court of the District of Columbia under 28 U.S.C. §

1391, Fed. R. Civ. P. 4(k)(1), and D.C. Code § 13–423 because Plaintiffs Claude V. Offray, IV,

Sharon Offray and Patrizia Offray are residents of Washington, D.C., and the contractual activities of Defendants caused a consequence in the District of Columbia.

5.     The Defendants Harkavy, Goldman, Goldman, & Gerstein, P.A., Martin S. Goldman, and Brian M. Gerstein are subject to personal jurisdiction in accordance with 28 U.S.C. § 1391, Fed. R. Civ. P. 4(k)(1), and D.C. Code § 13–423.

### Nature of the Action

6.     This is a civil action arising from:

- the negligent and intentional acts of Defendants;

- the breach of the duty of care owed by Defendants to Plaintiffs;

- the conflicts of interest of Defendants which led to Plaintiffs relying on the false representations of Defendants;

- the malpractice committed by Defendants against Plaintiffs;

- the Defendants' breach of their contract with Plaintiffs;

- the Defendants' breach of the covenant of good faith and fair dealing; and

- the misrepresentations made by Defendants to Plaintiffs which induced or acquiesced them to rely upon, if this Court determines that any Plaintiff was a non-client of Defendants.

7.     Here, there was an attorney-client relationship between the Offrays and the Defendants, the Defendants neglected a reasonable duty to the Offrays, and the Defendants' negligence resulted in—and was the proximate cause of—a significant loss to the Offrays.

### Parties

8.     Plaintiff Claude V. Offray, IV resides at 1225 25th Street NW, Apartment 426, Washington, District of Columbia.

9.     Plaintiff Claude V. Offray, III resides at 210 West 89th Street, New York, New York.

10.     Plaintiff Sharon Offray resides at 1225 25th Street NW, Apartment 426, Washington, District of Columbia.

11.     Plaintiff Patrizia Offray resides 1225 25th Street NW, Apartment 426, Washington, District of Columbia.

12.     Defendant Harkavy, Goldman, Goldman & Gerstein, P.A. is a professional corporation, which upon information and belief is organized under the laws of New Jersey and has offices at 1129 Bloomfield Ave. Ste. 214, West Caldwell, New Jersey 07006.

13.     Defendant Martin S. Goldman is a partner in Defendant law firm Harkavy, Goldman, Goldman & Gerstein, P.A. at 1129 Bloomfield Ave. Ste. 214, West Caldwell, New Jersey 07006. Defendant Goldman is an attorney who, upon information and belief, is licensed to practice law in the State of New Jersey.

14.     Defendant Brian M. Gerstein is a partner in Defendant law firm Harkavy, Goldman, Goldman & Gerstein, P.A. at 1129 Bloomfield Ave. Ste. 214, West Caldwell, New Jersey 07006. Defendant Goldman is an attorney who, upon information and belief, is licensed to practice law in the State of New Jersey and the State of New York.

## Facts and Background

15.     On or about June 20, 2017 Defendant Goldman sent or caused to be sent an engagement letter to Plaintiff Offray, III establishing the terms and services to be provided by Defendants in

their representation of Plaintiffs, each of whom participated in certain subsequent meetings

between Defendants and Plaintiffs.

16.     On or about June 20, 2017 Plaintiff Offray, III returned the executed service agreement to

Defendants.

17.     The June 20, 2017 agreement outlined Defendants' engagement to represent the Offrays

in five distinct matters and the Offrays agreed to pay Defendant Harkavy, Goldman, Goldman &

Gerstein, P.A. a flat fee of $100,000.00 as fair and full consideration for Defendants'

representation.

18.     As part of the June 20, 2017 service agreement, Defendants agreed to not bill Plaintiff

Offray, III on an hourly basis against a retainer fee. Rather, Defendants and Plaintiff Offray, III

mutually agreed that $100,000.00 was a fair and reasonable sum for Defendants to undertake the

outlined legal representation to completion.

19.     In exchange for the $100,000.00 flat fee, Defendants agreed to represent and provide

legal services to Plaintiffs in relation to (1) Offray v. Offray, UNN-C-57-15, (2) conduct a

homicide investigation related to the death of Claude V. Offray, Jr., (3) engage in fee arbitration

and negotiation with prior counsel to recover moneys paid to prior counsel for retainers and legal

bills, (4) investigate and search for the undiscovered assets related to the Estate of Claude V.

Offray, Jr. and the 2002 sale of CM Offray & Sons, and (5) ensure that no alterations to Gloria

Offray's Marital Trust or Gloria Offray's will would be made which would change the split of

Offray assets between Claude V. Offray, Jr.'s descendants.

20.     Despite the terms of service agreement, Defendant Goldman requested Plaintiff Offray, III pay an additional $10,000.00 to purportedly cover the costs of an investigation into the potential wrongful death of Claude V. Offray, Jr.

21.     The Offrays paid the $100,000.00 flat fee and an additional $10,000 to Defendants and had a reasonable expectation that the fee would fund all of Defendants' legal services and expenses for all five matters through completion.

22.     In the three months between June 20, 2017 and September 22, 2017 the Offrays justifiably relied on Defendants' representations that they and their firm were working on all five matters about which Defendants had agreed to provide legal representation.

23.     During an initial meeting between Plaintiffs and Defendants, the Offrays disclosed to Defendants that Plaintiff Offray, III has Asperger's syndrome, a neurological disorder, and explained how it manifests, including exposing Claude V. Offray, III to easy manipulation and fear.  In addition, Defendants were informed that Plaintiff Offray, III had been sexually abused by his sister Denise Offray, a major issue affecting his mental health and instilling in him fear of his sister, a significant factor given that Denise Offray is the Defendant in Offray v. Offray.

24.     During an initial meeting between Plaintffs and Defendants, the Offrays also disclosed to Defendants that Plaintiff Patrizia Offray was undergoing an intensive medical treatment that negatively affected her cognitive abilities, limiting her capacity to be actively engaged in legal matters and making important decisions.

25.     Disclosure of these facts to Defendants created among Defendants a responsibility to exercise even greater reasonable caution than prudence would demand under normal circumstances to meet the standard of care required of them under these circumstances.

26.     Nonetheless, on or about September 22, 2017 Defendant Goldman sent or caused to be sent a letter to Plaintiff Offray, III.

27.     The September 22, 2017 letter was rife with allegations and misstatements about the service agreement, billing structure, and the Offrays' interests, and self-serving statements to better serve Defendants' interests in direct conflict with the Offrays' interests.

28.     Defendant Goldman began the letter by claiming that the $100,000.00 fee paid to Defendant Harkavy, Goldman, Goldman & Gerstein, P.A. by Plaintiff Offray was a "retainer," when Defendant Goldman knew that the Defendants had agreed to a flat-fee structure rather than hourly billing.

29.     Defendant Goldman then purported that Defendant Harkavy, Goldman, Goldman & Gerstein, P.A. was only hired to represent Plaintiff Offray in four distinct matters, when Defendant Goldman knew Defendant Harkavy, Goldman, Goldman & Gerstein, P.A. had agreed to represent Plaintiff Offray in five matters.

30.     Defendant Goldman then discussed the Defendants work investigating the possibility of homicide related to the death of Claude V. Offray, Jr. Defendant Goldman purported that an extensive investigation, including $10,000.00 in investigator fees, had turned up no evidence to support a claim for wrongful death. However, Defendants knew, or should have known, that the statute of limitations for a wrongful death claim for Claude V. Offray Jr.'s death had expired before Defendant Harkavy, Goldman, Goldman & Gerstein, P.A. had even undertaken legal representation of the Offrays. (New Jersey law at N.J. Stat. § 2A:31-3 provides a two-year statute of limitation for wrongful death claims; Claude V. Offray, Jr. died on May 31, 2014 and Defendants' representation of the Offrays began on June 20, 2017.)

31.     Defendant Goldman then admitted that Defendants had performed no work related to the Offrays' fee arbitration and negotiation matters during the period of June 20, 2017 through September 22, 2017. Similarly, Defendants had performed no work investigating the potential for legal malpractice stemming from the Offrays' prior attorneys.

32.     Defendant Goldman also failed to perform any work related to undertaking an evaluation of how Gloria Ann Offray's assets were being managed, despite having agreed to do so.

33.      Defendant Goldman also revealed that Defendants had taken no efforts to investigate the undiscovered assets related to the Estate of Claude v. Offray, Jr. and CM Offray & Son. Defendant Goldman purported that Defendants could not obtain any information. However, Defendants were unwilling to obtain information to support the Offrays' interests and had performed nothing more than a handful of simple internet searches between June 20, 2017 and September 22, 2017.

34.     Defendant Goldman falsely purported that Defendants were not hired to represent Plaintiff Offrays' interests in the Offray v. Offray , UNN-C-57-15, matter. This assertion is expressly contradicted by the service agreement which not only references Offray v. Offray UNN-C-57-15, but is clearly titled "RE: Offray v. Offray." Defendants knew they had expressly agreed to represent the Offrays in this matter through the June 20, 2017 service agreement. But Defendant Goldman purported that Defendants' representation was secondary to the initial representation.

35.     Defendant Goldman failed to use evidence provided by the Plaintiffs in the form of affidavits that supported their position in the case of Offray v. Offray and in the negotiation of a

Global Settlement Agreement and failed to undertake any further investigation based on the information provided in these affidavits.

36.     Defendant Goldman revealed that Defendants had billed hourly against the Offrays' initial payment of $100,000.00 for all work performed in procuring the Offray v. Offray settlement agreement, in direct contradiction of the June 20, 2017 service agreement and fee arrangement stipulating all matters would be billed at a flat fee rate of $100,000.00 for full completion.

37.     However, in written communication to Plaintiff Offray, IV dated September 20, 2019, and in response to request from Claude V. Offray, IV for billing records, Defendants further contradict themselves, claiming "Our office does not have any billing records. Mr Goldman charged your father a flat fee for his services which your father accepted."

38.     Further, Defendant Goldman alleged that the Offrays owed Defendants 7% of the $1,300,000.00 settlement value, which is again contradicted by the June 20, 2017 service agreement.

39.     At no point during discussions between the Offrays and Defendants did Defendants ever disclose the lapsing of the statute of limitations for a wrongful death action relating to the passing of Claude V. Offray, Jr.

40.     Instead, Defendants entered into a service agreement with the Offrays to investigate Claude V. Offray, Jr.'s death for the possibility of a wrongful death claim.

41.     Further, Defendants procured additional retainer funds from the Offrays to enlist a private investigator, an endeavor Defendants knew, or should have known, was unnecessary because of the lapsed statute of limitations.

42.     In addition, the Defendants' failed to adequately protect the Offrays' interests during settlement negotiations related to the execution of the September 2017 Global Settlement Agreement. Instead, the Defendants exercised undue influence on Plaintiff Offray, III, and made misrepresentations of facts and law to the Plaintiffs.

43.     For example, Defendant Goldman asserted to Plaintiffs that if they did not sign the Global Settlement Agreement, they would certainly lose the Offray v. Offray case and that Plaintiff Offray, III would be imprisoned, understanding his susceptibility to manipulation and fear tactics. In addition, they provided only several days to Plaintiffs to consider the draft version of the Global Settlement Agreement and were informed it required signature within that period, not allowing time to properly consider the full terms of the agreement.

44.     In addition, Defendants ignored Plaintiff Patrizia Offray's expressed written instruction to Plaintiffs that she would approve of the Global Settlement Agreement only upon signature in person.  This desire was not respected by Defendants, who instead accepted a message from Plaintiff Offray, III in place of Patrizia Offray's expressed consent.

45.     But for the actions of Defendants, Plaintiffs would have had, because of successful Offray v. Offray litigation or settlement, terms much better than they received.

## Claims for Relief

## COUNT I
## Professional Malpractice – All Parties

46.     Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-45 of the foregoing Complaint as if set forth fully herein the first count thereof.

47.     Defendants, having agreed to be retained as the attorneys for Plaintiff, had a duty to use that degree of care reasonably expected of other legal professionals acting under the same or similar circumstances.

48.     Defendants breached this duty by:

   a.   Unjustifiably and unreasonably failing to advise Plaintiffs that the statute of limitations for a wrongful death action had lapsed over a year before Defendants' representation of Plaintiffs.

   b.   Unjustifiably and unreasonably undertaking no action to further the Offrays' fee arbitration/negotiation matter at any point between June 20, 2017 and September 22, 2017.

   c.   Unjustifiably and unreasonably undertaking no action to further the investigation of undiscovered assets related to the Estate of Claude v. Offray, Jr., CM Offray & Son, and the questionable funding of KSA.

   d.   Unilaterally altering the agreed-upon fee structure from the June 20, 2017 service agreement to an hourly rate billed against a retainer for the Offray v. Offray matter, in contradiction to what all parties mutually agreed to be a fair and just rate on or about June 20, 2017.

   e.   Unilaterally altering the agreed-upon fee structure from the June 20, 2017 service agreement to include a 7% contingency fee in addition to moneys already billed and paid for the Offray v. Offray matter in contradiction to what all parties mutually agreed to be a fair and just rate on or about June 20, 2017.

49.     Defendants knew, or should have known, that the investigation of Claude V. Offray, Jr.'s death was to pursue a wrongful death claim, and Defendants knew, or should have known, that the statute of limitations for a wrongful death action had lapsed even before Defendants entered into the June 20, 2017 service agreement with the Offrays.

50.     Defendants' investigation of Claude V. Offray, Jr.'s death and work in furtherance thereof with actual or presumed knowledge that the statute of limitations had lapsed was unreasonable.

51.     Further, the Defendants' failed to adequately protect the Offrays' interests during settlement negotiations related to the execution of the September 2017 Global Settlement Agreement. Instead, the Defendants exercised undue influence on Plaintiff Offray, III, Offray, IV, Sharon Offray, and Patrizia Offray and made misrepresentations of facts and law to the Plaintiffs.

52.     As a direct and proximate result of Defendants' breach of their duty of care, Plaintiffs have suffered substantial and permanent damages and Plaintiffs' interests were compromised.

53.     As a direct, proximate, and foreseeable result of Defendants' breaches of their duty of reasonable care, Plaintiffs have suffered and will continue to suffer economic and monetary damages in an amount to be determined.

**COUNT II**
**Breach of Fiduciary Duty – All Parties**

54.     Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-45 of the foregoing Complaint as if set forth fully herein the second count thereof.

55.     Defendants owed Plaintiff a fiduciary duty, which included a duty of loyalty to a complete and undivided degree and a duty of care to use such care, skill, prudence, and diligence that a

reasonably prudent attorney acting in a similar capacity and familiar with such matters would use after taking all of the facts and circumstances into consideration.

56.     Defendants breached their duty of care which they owed to Plaintiffs.

57.     Defendants, on multiple occasions, prioritized Defendants' interests over Plaintiffs' interests and to Plaintiffs' detriment.

58.     As a direct, proximate, and foreseeable result of Defendants' breaches of their fiduciary duty, Plaintiffs have suffered and will continue to suffer economic and monetary damages in an amount to be determined.

## COUNT III
### Constructive Fraud – All Parties

59.     Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-45 of the foregoing Complaint as if set forth fully herein the third count thereof.

60.     Defendants entered into a service agreement with the Plaintiffs on or about June 20, 2017 thereby establishing a fiduciary relationship between the parties.

61.     In the June 20, 2017 service agreement, Defendants represented to the Plaintiffs that Defendants would undertake legal representation of all outlined matters to completion in exchange for a flat fee of $100,000.00.

62.     The Plaintiffs justifiably relied on the representations made by Defendants.

63.     Defendants knew, or should have known, that Defendants did not intend to represent the Offrays' interests to completion in all five matters contained within the June 20, 2017 service agreement.

64.     As a direct, proximate, and foreseeable result of Defendants' fraudulent activities,

Plaintiffs have suffered and will continue to suffer economic and monetary damages in an amount

to be determined.

## COUNT IV
### Intentional Tort – All Parties

65.     Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-45 of the

foregoing Complaint as if set forth fully herein the fourth count thereof.

66.     The heretofore referenced actions and/or failure to act on the part of Defendants

constituted gross and wanton negligence or were intentional acts.

67.     The actions on the part of the Defendants resulted in the aforesaid damage to Plaintiffs,

all of which were caused by Defendants' gross and wanton negligence or intentional disregard for

Plaintiffs interests.

68.     The wanton disregard and gross negligence of the Defendants amounts to an intentional

tort as a matter of law which caused Plaintiffs to suffer damages.

## COUNT V
### Breach of Contract – All Parties

69.     Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-45 of the

foregoing Complaint as if set forth fully herein the fifth count thereof.

70.     Plaintiffs entered into a contract with Defendants when they retained Defendants to act

as their attorneys and represent them in the five matters on a fixed-fee basis.

71.     Defendants' actions and inactions constituted a breach of the contract entered into by

them with Plaintiffs.

72.    Defendants actions and inactions constituted a breach of the covenant of good faith and fair dealing.

73.    Defendants have caused Plaintiffs to suffer damages.

## COUNT VI
### Misrepresentation by Lawyer to Non-Client – All Parties

74.    Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-45 of the foregoing Complaint as if set forth fully herein the sixth count thereof.

75.    To the extent this Court determines that any Plaintiff did not have an attorney-client relationship with Defendants, Defendants nevertheless still owed a duty of care to that Plaintiff.

76.    Defendants owed a duty to any non-client Plaintiff because they knew or should have known that Plaintiff would rely on their representations of facts and law.

77.    Defendants invited and/or acquiesced in any such Plaintiff's reliance on their misrepresentation during Defendants' three-month representation of the Offrays.

78.    Plaintiffs relied on and had the right to rely on the misrepresentations of Defendants.

79.    But for Defendants' conduct in inviting and/or acquiescing in her reliance, Plaintiffs would have not negotiated and settled in Offray v. Offray.

80.    But for Defendants' conduct in inviting and/or acquiescing in their reliance, Plaintiffs would have either not signed the agreement or negotiated different and better terms.

81.    Defendants' actions and inactions have caused Plaintiffs to suffer damages.


WHEREFORE, Plaintiffs hereby demand judgment against Defendants individually, jointly, and severally:


## PRAYER FOR RELIEF

14

Wherefore the premises considered, Plaintiffs respectfully request this Court enter judgment in its favor and against Defendants, jointly and severally, including:

    A.  Compensatory damages in an amount to be determined;

    B.  Punitive damages in an amount to be determined;

    C.  Attorneys' fees, interest, costs, and litigation expenses;

    D.  Prejudgment interest; and

    E.  Such other relief as this Court deems just, equitable, and proper.

Respectfully Submitted,

**/s/ Brian J. Hooper**
Brian J. Hooper
District of Columbia Bar. No. 975724

**THE GEHEREN FIRM, P.C.**
4828 Ashford Dunwoody Road
Second Floor
Atlanta, GA 30338
678.587.9500 (p)
678.587.9098 (f)
*Attorney for Plaintiffs Claude V. Offray, III, Claude V. Offray, IV, Sharon Offray, and Patrizia Offray*
bhooper@geherenlaw.com